UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------
JEROME REID,

                    Plaintiff,

      vs.                                      5:07-CV-0498
                                              (NAM)(DEP)

PSEG, FIRST ENERGY, CONSTELLATION ENERGY,
NATIONAL GRID, ENTERGY CORPORATE BLDG., FPL,

                    Defendants.
-------------------------------------------------------------------------------

APPEARANCES:

JEROME REID
Plaintiff, *Pro Se*

**Norman A. Mordue, Chief U.S. District Judge**

## DECISION & ORDER

This action was filed on May 7, 2007. (Dkt. No. 1). In this action plaintiff' seeks to address

alleged wrong doing that occurred between 1989, when plaintiff signed a settlement agreement and

release with respect to claims arising from his employment occurring prior to the agreement, and the

March 18, 2002, termination of plaintiff's employment with Niagara Mohawk.

In 2001 plaintiff, represented by legal counsel, filed a complaint that set forth his employment

claims with respect to this his employment with Niagara Mohawk between 1985 and April 1993. The

complaints filed in this 2007 action are almost a verbatim copies of the complaint filed in the 2001

action. The 2001 action proceeded to summary judgment, with a judgment being entered in favor of

defendants on January 31, 2007. *See Reid v. Niagara Mohawk*, 5:01-CV-1026, (Dkt. No. 77).

Plaintiff's appeal to the Second Circuit Court of Appeals in his 2001 case was dismissed on April 27,

2007. *Id.,* Dkt. No. 83.

In his initial complaint in this action plaintiff failed to set forth facts in support of his claim, and

he was directed to file an amended complaint. (Dkt. No. 5). The first amended complaint was filed on

September 17, 2007.  (Dkt. No. 9).  Before the pleading was reviewed, plaintiff filed a second amended complaint on October 12, 2007.  (Dkt. No. 13).

After review of the second amended complaint, this Court noted its doubt that any of plaintiff's claims remained timely, and not otherwise barred by the 2001 action.  (Dkt. No. 15).  However, because plaintiff presented the Court with a February 2007 right to sue letter, the Court sought to determine what claims gave rise to that right to sue letter.  Accordingly, the Court ordered plaintiff to submit "a complete, true, and accurate copy of the administrative charge (EEOC Charge No. 165-1989-00152) that gave rise to the February 2007 right to sue letter." *Id.*  The Court sought that information in order to ascertain what claims or allegations gave rise to that right to sue letter, as well as whether those claims were somehow included in the complaint before the Court.

In response to the November 2007 Order, plaintiff filed a letter motion seeking a hearing on (1) the "request to amended (*sic*) complaint according to the EEOC Administrative Charge," (2) "request IFP for fees and legal representation or other consideration of payments and representation," (3) "clarity on defendants in civil complaint," and, (4) "clarity on which judge is handling this complaint at this time Plaintiff was given different directives regarding complaint by Judges."  (Dkt. No. 16).

Plaintiff's letter motions were denied by order dated January 22, 2008.  (Dkt. No. 17).  In the January order, plaintiff was again ordered to file  "a complete, true, and accurate copy of the administrative charge (EEOC Charge No. 165-1989-00152) that gave rise to the February 2007 right to sue letter." *Id.*  Plaintiff was advised that his failure to comply with the Court's order may result in dismissal of this action. *Id.*

In response to the January 22, 2008, order plaintiff filed a third amended complaint, and 103 pages of exhibits, most of which were already on file with the Court.  (Dkt. Nos. 19 and 20).  Plaintiff has not provided this Court with a copy of the administrative charge that gave rise to the February 2007

right to sue letter, nor has plaintiff ever advised the Court that the document was unavailable to him.

A review of plaintiff's third amended complaint reveals that, like the prior complaints in this action, it asserts claims based upon events that occurred on or before March 18, 2002,[1] and which relate to his employment relationship with Niagara Mohawk.  (Dkt. No. 19).  The pleading presently before this Court alleges claims based upon a racially hostile work environment, breach of the 1989 settlement agreement by the demotion of plaintiff in April 1993, failure to provide plaintiff with overtime assignments, and failure to promote based upon race.  (Dkt. No. 19, paragraphs 31-42).  Based upon the information before this Court, plaintiff's claims are barred by the 2001 action.  Further, in light of plaintiff's unwillingness to comply with the prior orders of this Court, the Court is unable to further assist plaintiff in determining whether he may have any viable claims remaining.  Accordingly, this action will be dismissed.

WHEREFORE, it is hereby

ORDERED that this action is dismissed for failure to state a claim upon which relief may be granted, and it is further

ORDERED that the Clerk serve a copy of this Order on plaintiff by regular mail.

IT IS SO ORDERED.

Date: April 8, 2008

_____
Norman A. Mordue
Chief United States District Court Judge

---

[1] The Court is aware that plaintiff sought administrative review of the March 18, 2002 termination of his employment by the New York State Division of Human Rights (SDHR) in Charge No. 16GA209721.  The SDHR's Determination and Order After investigation was issued on September 26, 2003.  *See Reid v. Niagara Mohawk Power Corp.*, 5:01-CV-1026, Dkt. No. 65, Exhibit I to Affirmation of LaBerge.